## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA IBBISON, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| USI INSURANCE SERVICES | : | |
| OF CONNECTICUT, INC., and | : | |
| USI INSURANCE SERVICES LLC | : | |
| Defendants. | : | APRIL 11, 2012 |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1.  This action seeks declaratory, injunctive, and equitable relief, compensatory and

punitive damages, and costs and attorney fees for the gender discrimination and

retaliation suffered by the plaintiff when she was subjected to a sexually hostile

work environment and when her employment was terminated on account of the

opposition she raised to the sexual harassment to which she was subjected by a

co-worker.

### II.  JURISDICTION

2.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3.   Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Title 42 U.S.C. §2000e-5(f).

4.   The Court has supplemental jurisdiction over the claims which the plaintiff brings under the provisions of state law.

5.   All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

   a.   Charges of employment discrimination on the basis of gender, sexual harassment, and retaliation were filed on or about June 16, 2011, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

   b.   On March 28, 2012, the United States Equal Employment Opportunity Commission Employment Opportunity Commission issued to the plaintiff a "Notice of Right to Sue." *Exhibit 1.*

   c.   On April 2, 2012, the Connecticut Commission on Human Rights and Opportunities issued to the plaintiff a "Release of Jurisdiction. *Exhibit 2.*

6.    Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g).  Compensatory and punitive damages are sought pursuant to Title 42 U.S.C. §1981 and Title 42 U.S.C. §1981a.

7.    Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

## III. VENUE

8.    This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b) because the claims arose in this judicial district, and pursuant to Title 42 U.S.C.  §2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## IV. PARTIES

9.    The plaintiff is a citizen of the United States and resides in Colchester, Connecticut.

10.    The plaintiff's gender is female.

11.    The defendant, USI Insurance Services of Connecticut, Inc. is a wholly owned subsidiary of the defendant, USI Insurance Services, LLC.

12. The defendant, USI Insurance Services of Connecticut, Inc., is incorporated under the laws of the State of Connecticut, and employs more than 15 employees.

13. The defendant, USI Insurance Services LLC, is a limited liability company organized under the laws of the State of Delaware, and employs more than 15 employees.

14. The defendant, USI Insurance Services of Connecticut, Inc., is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

15. The defendant, USI Insurance Services LLC, is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

16. The defendant, USI Insurance Services of Connecticut, Inc., is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

17. The defendant, USI Insurance Services LLC, is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

## V. **STATEMENT OF FACTS**

18.  On May 17, 2010, the defendants hired the plaintiff as an assistant Vice President, Employee Benefits, at the Meriden, Connecticut office of the defendant, USI Insurance Services of Connecticut, Inc.

19.  Without a legitimate reason, the defendants terminated the plaintiff's employment on December 31, 2010.

20.  Between May 17, 2010 and December 31, 2010, the defendants had never disciplined the plaintiff in any manner.

21.  Between May 17, 2010 and December 31, 2010, the defendants had never issued the plaintiff any disciplinary warnings, either verbal or written, of any type.

22.  Between May 17, 2010 and December 31, 2010, the defendants had never rated the plaintiff's job performance in a negative light.

23.  Between May 17, 2010 and December 31, 2010, the defendants had never raised with the plaintiff any performance related deficiencies from which they now claim the plaintiff experienced.

24.  Between May 17, 2010 and December 31, 2010, the plaintiff performed her job duties and responsibilities in a capable manner, fully meeting the expectations which the defendants had set for her.

25.  The defendants claimed that the plaintiff had performance related issues only after the defendants unjustly terminated the plaintiff's employment.

26.   Shortly after commencing her employment with the defendants, the plaintiff
      became the subject of the sexually harassing advancements of a co-worker, Derek
      Dailey ("Dailey").

27.   The plaintiff rebuffed and made clear to Dailey that she did not approve of his
      sexually harassing advancements and informed him that they must cease
      immediately otherwise she would have to complain to her supervisor concerning
      his behavior.

28.   The sexual harassment started on or about May 21, 2010, when the plaintiff
      attended a five day training program conducted by the defendants at their location
      in Briar Cliff, New York concerning sales and marketing of the defendants'
      products.

29.   Dailey was in attendance at the same training program.

30.   Dailey initiated his sexually harassing conduct directed toward the plaintiff almost
      immediately during the training program.

31.   The sexual harassment included Dailey banging on the plaintiff's hotel room door
      at night and repeatedly making sexually suggestive comments to the plaintiff
      throughout the training program.

32.   Upon the completion of training, the defendants assigned the plaintiff to work
      with Dailey assisting him in his Connecticut related accounts.

33. Since Dailey's place of employment was outside of Connecticut, he had to be partnered with a local USI Insurance Services of Connecticut, Inc. producer/agent in order to call on his contacts in Connecticut.

34. After being assigned as Dailey's servicing agent, Dailey continued to sexually harass the plaintiff, who on more than one occasion complained and reported Dailey's conduct to her supervisor, Frank Pulito ("Pulito"), head of Employee Benefits at USI Insurance Services of Connecticut, Inc.

35. The plaintiff specifically complained to Pulito, that Dailey was making unwanted advances in the workplace and, as a result, she did not want to work with Dailey.

36. After the plaintiff reported Dailey's sexually harassing conduct to Pulito in July of 2010, Pulito acknowledged that Dailey was not coming to the defendants' Connecticut location for business related reasons, and instructed the plaintiff that she would no longer have to work with Dailey.

37. By August of 2010, although the plaintiff was no longer working directly with Dailey, he persisted in his sexual harassment by making phone calls, sending e-mails and occasionally stopping by the plaintiff's office making inappropriate sexual comments to her.

38. On one occasion, he gave the plaintiff a sexually suggestive statute, and he told her that it reminded him of the "perfect woman."

7

39. On other occasions, Dailey told the plaintiff that he was leaving his wife, that he loved the plaintiff, that he was going to kill himself, and that he wanted the plaintiff to move in with him.

40. Dailey's conduct occurred during the plaintiff's working hours and interfered greatly in her ability to perform her job duties and responsibilities.

41. Pulito did not take any meaningful action to protect the plaintiff from the sexually harassing conduct of Dailey.

42. The failure of Dailey to take real steps to protect the plaintiff from the sexually harassing conduct of Dailey resulted in a sexually hostile work environment within which the plaintiff was required to work.

43. The plaintiff was made to endure the continuous, unwelcomed sexual advances of Dailey during the course of her employment, which conduct had a purpose and effect of substantially interfering with her work performance and creating an intimidating hostile and offensive working environment.

44. The conduct of Dailey interfered with the plaintiff's work and caused the plaintiff to suffer physical and emotional distress.

45. The actions of Dailey created a hostile work environment characterized by sexual harassment within which the plaintiff was made to work.

46. A reasonable person in the plaintiff's position would find the conduct of Dailey to be highly offensive.

47. A reasonable person in the plaintiff's position would find that Dailey's conduct would substantially interfere with the plaintiff's job performance.

48. The defendants tolerated Dailey's behavior and failed to take meaningful steps to prevent his sexual harassment of the plaintiff because they valued his business acumen over the plaintiff's right to be free from sexual harassment in the workplace.

49. The defendants had full knowledge that Dailey had been sexually harassing the plaintiff since her complaint to Pulito in July of 2010, but took no steps to stop it, let alone prevent its continuation.

50. Dailey had established a business plan for the defendants that if accepted by the defendants would require him to work at times at the same Connecticut office where the plaintiff worked.

51. On December 12, 2010, Dailey came to the Connecticut office where the plaintiff worked to present his business plan to John Kleeka, President of USI Insurance Services of Connecticut, Inc.

52.   Kleeka, being fully aware of the plaintiff's complaints concerning Dailey's sexually harassing conduct, fired the plaintiff without warning on December 15, 2010.

53.   Upon terminating the plaintiff's employment, the defendants implemented Dailey's business plan, which required him at times to work at the defendants' Connecticut location.

54.   The defendants possessed no legitimate reason for terminating the plaintiff's employment.

55.   The plaintiff was qualified to perform the duties of the position to which she was employed by the defendants.

56.   The plaintiff successfully performed the duties of her job.

**VI. <u>FIRST CAUSE OF ACTION (Gender Discrimination In Violation of Title VII of the Civil Rights Act of 1964, as amended)</u>**

57-112. The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

113.   The defendants violated the provisions of Title VII of the Civil Rights Act of 1964, as amended when it terminated the plaintiff's employment on account of her gender, choosing to retain the employment of Dailey, a male, over the plaintiff, who had complained about Dailey's sexual harassment.

114. Because the plaintiff's gender was a motivating factor and made a difference in the decision by the defendants to terminate the plaintiff's employment, the defendants violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

115. The defendants engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

116. The defendants' termination of the plaintiff's employment constitutes unlawful gender discrimination.

117. The plaintiff has suffered emotional distress as a result of the defendants' discriminatory conduct.

118. The plaintiff has suffered significant economic losses as a result of the defendants' discriminatory conduct.

**VII.**     **SECOND CAUSE OF ACTION (Retaliation In Violation of Title VII of the Civil Rights Act of 1964, as amended)**

119-174. The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

175. The defendants discriminated against the plaintiff on the basis of the plaintiff's opposition to the sexually harassing conduct of Dailey, which she voiced on various occasions to her supervisor, Pulito.

176.     When the plaintiff complained to Pulito about the sexually harassing conduct of Dailey, she was participating in activity protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended.

177.     Because the plaintiff's opposition to Dailey's sexually harassing conduct was a motivating factor and made a difference in the defendants' decision to terminate the plaintiff's employment, the defendants violated Title VII of the Civil Rights Act of 1964, as amended.

178.     The defendants engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

179.     The plaintiff has suffered emotional distress as a result of the defendants' discriminatory conduct.

180.     The plaintiff has suffered significant economic losses as a result of the defendants' discriminatory conduct.

## VIII.   THIRD CAUSE OF ACTION (Gender Discrimination in Violation of the Connecticut Fair Employment Practices Act)

181-236. The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

237.     The defendants possessed no legitimate reason for terminating the plaintiff's employment.

238.   The plaintiff was qualified to perform the duties of the position to which she was employed by the defendants.

239.   The plaintiff successfully performed the duties of the position to which the plaintiff was employed by the defendants.

240.   The defendants engaged in gender discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Connecticut General Statutes §§ 46a-60(a)(1) and (8).

241.   The conduct of Dailey had the purpose and effect of substantially interfering with the plaintiff's work performance and created an intimidating, hostile and offensive working environment in violation of Connecticut General Statutes §§ 46a-60(a)(1) and (8).

242.   The plaintiff has suffered emotional distress as a result of the defendants' discriminatory conduct.

243.   The plaintiff has suffered significant economic losses as a result of the defendants' discriminatory conduct.

IX. **FOURTH CAUSE OF ACTION (Unlawful Retaliation in Violation of the Connecticut Fair Employment Practices Act)**

244-299. The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

300.   The termination of the plaintiff's employment was without just cause and was done to retaliate against her because she complained to the defendants about the sexual harassment to which she was being subjected.

301.   The defendants' termination of the plaintiff's employment constitutes unlawful retaliation.

302.   When the defendants terminated the plaintiff's employment, the defendants were motivated by a desire to retaliate against the plaintiff as a result of her opposition to the sexual harassment to which she was subjected.

303.   The plaintiff's employment was terminated by the defendants in retaliation against the plaintiff because of the plaintiff's opposition to the sexual harassment to which she was unlawfully subjected.

304.   The defendants discriminated against the plaintiff on account of her opposition to the sexual harassment to which she was unlawfully subjected.

305.   The defendants violated the rights secured to the plaintiff by the provisions of Connecticut General Statutes § 46a-60(4), which prohibits the retaliation to which the defendant had subjected the plaintiff.

## X. **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

     i.   Declare the conduct engaged by the defendants to be in violation of the plaintiff's rights;

    ii.   Enjoin the defendants from engaging in such conduct;

   iii.   Award plaintiff equitable relief of reinstatement to her position with back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

   iv.   Award plaintiff compensatory and punitive damages;

    v.   Award plaintiff costs and attorney fees; and

   vi.   Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – MELISSA IBBISON

BY /s/ Thomas W. Bucci
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomasbucci@earthlink.net
Fed. Bar #ct07805



# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Melissa Ibbison**
COMPLAINANT

vs.                                                  **DATE: April 2, 2012**

**USI Insurance Services of Connecticut Inc.**
RESPONDENT

CHRO Case No. 1130523
EEOC No. 16A-2011-01196

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.

Executive Director

cc: Complainant 's Attorney William Sweeney Jr by fax to: 860-225-0626

Respondent's Attorney Joseph Ferraro by fax to: 610-537-4500

EXHIBIT
2

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Melissa Ibbison
6 Birch Circle, #1
Colchester, CT 06415

From:  **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2011-01196** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)

**Robert L. Sanders,**
**Area Office Director**

MAR 2 8 2012

*(Date Mailed)*

cc:   **USI INSURANCE SERVICES OF CT, INC.**
**Danielle Stanton, Director Of H.R.**
**530 Preston Avenue #4**
**Meriden, CT 06450**

Thomas W. Bucci

WW&B

Willinger, Willinger & Bucci, P.C.

Attorneys At Law

855 Main Street

Bridgeport, Connecticut 06604